IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION, CHICAGO

| | |
|---|---|
| MARY CREDILLE AND ROGER MADDEN, on behalf of all similarly situated current and former employees, | FILED: NOVEMBER 17, 2008    LI<br>08CV6623<br>JUDGE HIBBLER<br>MAGISTRATE JUDGE NOLAN |
| Plaintiffs, | CIVIL ACTION NO. _____ |
| vs. | Collective action under the Fair Labor Standards Act, 29 U.S.C. §216(b) |
| CORINTHIAN COLLEGES, INC., CORINTHIAN SCHOOLS, INC., DBA OLYMPIA COLLEGE AND JACK D. MASSIMINO, | |
| Defendants. | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

**A. Background**

1. This is a proceeding against Defendants for violating the overtime pay provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et. seq. (or "FLSA"). Plaintiffs, both formerly non-exempt employees of Defendants, regularly worked in excess of 40 hours per workweek. However, Defendants failed to pay Plaintiffs corresponding overtime compensation in violation of the FLSA.

**B. Parties**

2. Plaintiff Mary Credille is an individual and a resident of the state of Illinois.

3. Plaintiff Roger Madden is an individual and a resident of the state of Illinois.

4. Defendant Corinthian Colleges, Inc. ("Corinthian") is Delaware corporation, headquartered in California, conducting business in Illinois. Corinthian is the parent

1

company of wholly-owned subsidiary Defendant Corinthian Schools, Inc. ("Corinthian Schools"). Corinthian may be served with process by serving its registered agent: SCN CT Corporation System at 280 S. Lasalle Street, Suite 814 Chicago, IL 60604.

5. Defendant Corinthian Schools is a Delaware corporation, headquartered in California, conducting business in Illinois. Corinthian Schools may be served with process by serving its registered agent: SCN CT Corporation System at 280 S. Lasalle Street, Suite 814 Chicago, IL 60604.

6. Defendant Jack D. Massimino is an individual and a resident of Utah, with domiciles in both California and Utah. Mr. Massimino may be served with process at Corinthian's corporate headquarters at 6 Hutton Centre Drive, Suite 400, Santa Ana, CA 92707. Mr. Massimino may also be served with process at 389 East Boulderville Road, Kamas, UT 84036-9515.

## C. Jurisdiction

7. The court has federal question jurisdiction, 28 U.S.C. §1331, over Plaintiffs' claims of unpaid overtime, because these actions arise under federal law, via the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*.

## D. Facts

8. Defendants are all former *employers* of Plaintiffs as defined by the FLSA, supporting regulations and FLSA jurisprudence.

9. Plaintiffs are all former employees of Defendants, and each Plaintiff worked for Defendants as an Admissions Representative.

10. At all times relevant to this lawsuit, Plaintiffs were non-exempt from the overtime pay provisions of the FLSA and entitled to overtime compensation.

11. At Defendants' direction and for the benefit of Defendants, Plaintiffs regularly worked in excess of 40 hours per workweek.

12. Defendants failed to pay Plaintiffs overtime compensation, as prescribed by the FLSA, for hours worked in excess of 40 hours per workweek.

### E. Count 1 – Violation of FLSA: Unpaid Overtime

13. As illustrated in paragraphs 8-12, Defendants maintained a practice of requiring Plaintiffs, both non-exempt employees, to work more than 40 hours per workweek. For failing to pay Plaintiffs for corresponding earned overtime, Defendants violated the wage and hour provisions of the FLSA.

### F. Jury Trial Demanded

14. Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### G. Prayer

15. For the above reasons, Plaintiffs seek judgment against Defendants for the following:

a. Actual damages, as measured by back overtime payments, 29 U.S.C. §216(b),

b. Liquidated damages in the same amount as the back overtime payments, 29 U.S.C. §216(b) and/or prejudgment interest,

c. Application of the three-year statute of limitations for willful FLSA violations, 29 U.S.C. §255(a),

d. Certification as a collective action, 29 U.S.C. §216(b),

e. Attorneys' fees and costs of suit, 29 U.S.C. §216(b),

f. All other relief the court deems necessary and appropriate.

Respectfully submitted,

/s/ *R.J. Blue*
By:_____
Ramel J. Blue, Esq.
Shelly M. Davis, Esq.
The Blue Law Firm, PLLC
2401 Fountain View, Suite 322
Houston, TX 77057-4827
(713) 349-9299 Phone
(713) 349-9244 Fax

Attorneys for Plaintiffs