IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY CREDILLE AND ROGER MADDEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 08 C 6623 |
| v. | ) | |
| | ) | The Honorable William J. Hibbler |
| CORINTHIAN COLLEGES, INC., CORINTHIAN | ) | |
| SCHOOLS, INC, DBA OLYMPIA COLLEGE AND | ) | |
| JACK D. MASSIMINO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Roger Madden and James Alexander allege that their employer, Corinthian Colleges, Inc., required them to work "off the clock" for more than forty hours a work week without paying them overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201. Corinthian moves for partial summary judgment, arguing that Madden and Alexander (collectively, Plaintiffs) cannot show that its actions were willful or that it failed to make a good faith effort to comply with the requirements of the FLSA.

To begin, the Plaintiffs fail to comply with Local Rule 56.1 when they respond to Corinthian's motion for partial summary judgment. Local Rule 56.1 requires a party opposing a motion for summary judgment to file: (1) affidavits or materials referenced in Federal R. Civ. P. 56(e); (2) a supporting memorandum of law; (3) a concise response with numbered paragraphs corresponding to the opposing parties statement of facts and admitting or denying those statements,

1

with references to the affidavits or materials that form the basis for any denial; (4) a statement of numbered paragraphs of additional facts that require the denial of the motion. The Plaintiffs, however, do not respond to Corinthian's 56.1 statement of facts at all. Rather, the Plaintiffs merely append their respective affidavits to their memorandum of law and cite to those affidavits.

When a party fails to respond to a statement of fact as mandated by the local rules, the party's failure results in an admission. *Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008). Even where a party chooses for the "court's convenience" not to comply with the local rules and instead merely discusses in the brief the few dispositive issues, courts may find the opposing party's proffered statements of fact to be admitted. *Smith v. Lanz*, 321 F.3d 680, 683 (7th Cir. 2003). At the same time, even a cursory review of Corinthian's 56.1 statement reveals they have not fairly or accurately represented the facts, twisting the meaning of the Plaintiffs' deposition testimony by stripping it from its context.

The Court is thus left in an awkward position. On the one hand, the Plaintiffs have not followed the Court's clearly defined rules. It bears mentioning that this is not the first time that counsel for Plaintiffs has chosen to ignore the Local Rules. When counsel sought additional time to file a response to Corinthian's motion, rather than follow the procedure set forth in Local Rule 5.3, counsel e-mailed the Court's law clerk. The Court explained that such a practice was inappropriate and in particular noted that the informality of counsel's chosen procedure was likely to lead to misunderstandings. Yet less than 10 days after the Court issued the order reminding counsel to follow the local rules, counsel again chooses to wholly disregard the local rules in favor of a more informal procedure. On the other hand, Corinthian has taken such liberty with the facts that the Court is unwilling to deem them all to be admitted.

It is plain there is a genuine dispute of material fact. Corinthian argues first that the Court should award it summary judgment on Plaintiffs' claims for liquidated damages. The FLSA allows plaintiffs to pursue liquidated damages. 29 U.S.C. § 216(b). However, if an employer demonstrates that its act or omission was in good faith and that it had a reasonable belief that its act or omission would not violate the FLSA, then a court has the discretion to reduce or eliminate liquidated damages. 29 U.S.C. § 260; *See Castro v. Chicago Housing Authority*, 360 F.3d 721, 730 (7th Cir. 2004) (interpreting similar language under Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2104). In other words, a court is not required to reduce or eliminate liquidated damages merely because a party acts in good faith.

Corinthian insists that the undisputed evidence demonstrates that it acted in good faith, though it makes no argument why the Court should as a matter of law exercise its discretion to reduce or eliminate liquidated damages. That failure alone is reason to deny its motion. But even Corinthian's argument that it is undisputed that it exercised good fath and reasonably believed it complied with the FLSA is not supported by the record. Corinthian principally argues that the undisputed facts demonstrate that it acted in good faith because: (1) it had an overtime policy; (2) the Plaintiffs voluntarily recorded their time sheets; (3) the Plaintiffs understood that they could complain about any aspect of their compensation. Corinthian's argument grossly oversimplifies the Plaintiffs' claims.

As the Court explained in its ruling conditionally certifying a collective action, the mere fact that Corinthian had an overtime that on its face complied with the FLSA means nothing if it did not comply with its own policy. *See Russell v. Illinois Bell Telephone Co.*, 575 F. Supp. 2d 930, 935 (N.D. Ill. 2008). Corinthian attempts to prove that it did comply with its overtime policy, pointing

3

to facts that the Plaintiffs were paid for the overtime that they did record, were aware of Corinthian's policy requiring them to accurately record their time, and understood Corinthian's procedures for complaining about or questioning their compensation. But those facts mean nothing if the Plaintiffs were threatened, implicitly or explicitly, with termination or other negative consequences if they reported too much overtime.

Corinthian makes light of the Plaintiffs' deposition testimony, pointing to statements by the Plaintiffs that it was "politically incorrect" to report the actual amount of overtime they worked. However, the Plaintiffs' testimony, pointed to by Corinthian in its 56.1 statement, makes clear that the Plaintiffs felt compelled to under report the hours they worked to avoid claims for overtime. For example, Madden testified that he did not seek authorization to work overtime because it was "discouraged" and "frowned upon." (Madden Dep. at 199). Explaining further, Madden asked "[w]hy would you seek authorization when it was discouraged? All you are doing is asking for trouble." (Madden Dep. at 201). Madden also testified that Corinthian "frowned on . . . employees raising concerns to human resources." (Madden Dep. at 153). And he testified that "[i]t was a given" that you had to work more than 40 hours per week. (Madden Dep. at 291). He pointed out that Corinthian had the "best of both worlds," by requiring employees to work excessive hours without paying overtime. (Madden Dep. at 187). Finally, he testified that he did not record the overtime that he worked because "it was against policy." (Madden Dep. at 219). Madden's testimony is consistent with his affidavit, in which he states that Corinthian's Directors of Admissions (the Plaintiffs' supervisors) would prohibit employees from claiming overtime with "discouraging words [that] would often take a threatening tone." (Madden Decl. ¶ 7).

Alexander testified similarly. Alexander testified that he regularly worked more than 40

4

hours per week in order to accomplish his job. (Alexander Dep. at 172-180). He testified further that he was frequently told by supervisors to amend his time sheets to lessen the amount of hours he had worked. (Alexander Dep. at 124-26). He testified that if had not made the changes the time sheets that accurately reflected the number of hours that he worked would have been thrown away. (Alexander Dep. at 124-25). And, like Madden, he declared in his affidavit that Corinthian's Directors of Admissions (the Plaintiffs' supervisors) would prohibit employees from claiming overtime with "discouraging words [that] would often take a threatening tone." (Alexander Decl. ¶ 7).

There are disputed facts. The Plaintiffs consistently testify and declare that their supervisors required them to work in excess of 40 hours per week and to under report the amount of hours that they worked. Both Plaintiffs testified that even though they recorded their time sheets that efforts to accurately report the hours that they work would have negative consequences or simply result in having to resubmit another time sheet. A factfinder that credits the Plaintiffs' testimony could conclude that Corinthian did not act in good faith and therefore that liquidated damages are appropriate.

Corinthian also argues that the Plaintiffs cannot demonstrate that the statute of limitations should be three years. The FLSA allows provides a two-year statute of limitations, which may be extended to three years if the violations are willful. 29 U.S.C. § 255(a). Again, Corinthian points to the Plaintiffs' "admission" that it would not be "politically correct" to make an issue over unpaid overtime as undisputed evidence that it did not act willfully. Of course, Corinthian fails to acknowledge the context in which the alleged admissions occurred. If the Plaintiffs never complained about the hours they worked because they feared reprisal then their actions were not

voluntary, which would support a finding of willfulness.

Corinthian argues that *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 703 (3d Cir. 1994) saves them. *Reich*, however, actually suggests that Corinthian's actions are willful. The court in *Reich* reviewed a district court's findings after a bench trial, not the district court's summary judgment ruling, a distinction Corinthian wholly ignores. In *Reich*, the employees testified that they were reprimanded and instructed to alter the time sheets (much like Madden and Alexander testified to here). *Id.* at 702. But there was *additional evidence* that the district court weighed — namely that the employees were committed to their jobs and did not work the additional hours solely because of the employer's directives. *Id.* Here, the court is not permitted to weigh evidence and simply because there is evidence that would support a verdict for Corinthian does not mean that there is not a genuine issue of material fact.

Corinthian claims that Madden and Alexander worked in excess of 40 hours because they were dedicated to their jobs and sought advancement and not because it compelled them to do so. But Madden and Alexander offer a different version of events, testifying and declaring that Corinthian compelled them to work overtime and threatened them with reprisal if they complained about or sought compensation for it. If the Plaintiffs' version of events is credited, which this Court must do on summary judgment, Corinthian has willfully violated the FLSA.

The Court DENIES Corinthian's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

3/27/12
Dated

Hon. William J. Hibbler
U.S. District Court